Jonathan A BRUMFIELD and Susan C. Brumfield, Personal Representatives of Nancy Jo Jarrell Farley and Administrators of her Estate, Plaintiffs,

v.

Michael Ebb FARLEY, Personal Representative of Elbert Ray Farley and Executor of his Estate, Defendant.

No. CIV.A. 5:02–1151.

United States District Court, S.D. West Virginia, Beckley Division.

Nov. 27, 2002.

W. Mark Burnette, Kelsey C. Burnette, Burnette & Burnette, Lewisburg, WV, for plaintiffs.

Gregory S. Matney, Campbell & Matney, Tazewell, VA, for defendants.

## MEMORANDUM OPINION AND REMAND ORDER

HADEN, Chief Judge.

Pending is Plaintiff's motion to remand this civil action, removed from the Circuit Court of Greenbrier County, West Virginia, based on diversity jurisdiction. The Court **GRANTS** the motion.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On August 1, 2002 in Greenbrier County, West Virginia, Elbert Ray Farley, Defendant's decedent, shot and killed his wife Nancy Jo Jarrell Farley, Plaintiffs' decedent. Farley then committed suicide. The Farleys were residents of Greenbrier County. They were married, although separated, and the parents of three children under the age of four. Elbert Farley was also father to two other children, Defendant Michael Ebb Farley and his sister April Farley Garretson.

Plaintiffs, the representatives of Nancy Farley's estate, brought this wrongful death action against Michael Farley, as representative of his father's estate, seeking compensatory damages of ten million dollars, punitive damages, attorney fees and costs. Plaintiffs are residents of Charlottesville, Virginia. Currently, they are also the legal guardians of the three infant children. Defendant Michael Ebb Farley is a resident of West Virginia.

On July 31, 2002, the day before he murdered Nancy Jo Farley, Elbert Farley prepared and executed his Last Will and Testament to disinherit Nancy Jo Farley and their three children and leave his entire estate to his two other children. On

August 2, 2002, Defendant Michael Farley qualified as his father's personal representative and executor in Mercer County, West Virginia and submitted his father's Last Will and Testament for probate there. Nancy Jo Farley died intestate.

Plaintiffs seek to remand this action, which was removed from the Circuit Court of Greenbrier County, based on diversity of the citizenship of Plaintiffs, who are Virginia residents, and the Defendant, a resident of West Virginia. Plaintiffs contend the residences of decedents should control. The amount in controversy indisputably exceeds seventy-five thousand dollars.

## II. DISCUSSION

District courts have original jurisdiction of all civil actions where the matter in controversy exceeds the value of seventy-five thousand dollars and is between citizens of different states. 28 U.S.C. § 1332(a). In 1988 Congress amended this statute to provide, "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." 28 U.S.C. § 1332(c)(2).

Prior to that amendment the question how citizenship for diversity purposes should be determined in an action brought by a personal representative comprised a "long and tortured judicial saga." *Myles v. Lafitte*, 912 F.2d 463, 1990 WL 123861 at *1 (4th Cir.1990) (unpublished). *Myles* summarizes that tale. *Id.; see also Krier–Hawthorne v. Beam*, 728 F.2d 658, 663–64 (4th Cir.1984) (also recounting issue's history). *Myles* announces that the statutory change, which makes the decedent's citizenship controlling, may write "the final installment" of that long-running controversy. *Id. Myles*, however, involved an action brought before the statutory change, which affects only actions brought after May 18, 1989, so the appeals court did not have the opportunity to apply the remedial amendment.

The issue was also touched upon in *Janeau v. Pitman Mfg. Co., Inc.*, 998 F.2d 1009, 1993 WL 280354 (4th Cir.1993), in a products liability action brought by the mother of the deceased, where the court noted that under § 1332(c)(2), the plaintiff "was deemed to be, in her capacity as administratrix, a citizen of North Carolina," where her deceased son had been resident. *Id.* at *4.

Defendant urges the Court to look behind the plain language of the statute and consider whether, under West Virginia law, the plaintiff in a wrongful death action is "the legal representative of the estate." [1] The question of domicile, for the purposes of diversity jurisdiction, however, is a question of federal law. *Long v. Sasser*, 91 F.3d 645 (4th Cir.1996). The reasoning is straightforward. The question of residence in regard to the diversity clause of Article III, § 2 of the Federal Constitution and under 28 U.S.C. § 1332 arises only in federal court. The problem is, therefore, "one uniquely of federal cognizance and the considerations underlying *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), do not obtain." *Ziady v. Curley*, 396 F.2d 873, 874 (4th Cir.1968); *see also Markham v. City of Newport News*, 292 F.2d 711 (4th Cir.1961) (courts need not consult state

---

**1.** Were the Court to undertake that inquiry, the result would not change. *See* Heather N. Hormel, *Domicile for the Dead: Diversity Jurisdiction in Wrongful Death Actions*, 2001 U. Chi. Legal F. 519, 531 (citing district courts holding § 1332(c)(2) applies where plaintiffs act in a representative capacity, without con-

cern for the technical characterization whether the plaintiff acts on behalf of the decedent's estate). In West Virginia, a wrongful death action must be brought "by and in the name of the personal representative of such deceased person who has been duly appointed[.]" W. Va.Code § 55–7–6(a).

statutes when deciding federal diversity jurisdiction because only Congress and the Constitution have the power to confer federal jurisdiction).

The law in this Circuit requires that it is the deceased, not the beneficiary of the deceased or their estate, who must be diverse under § 1332(c)(2). *See also Kimzey v. Cuento*, 1999 WL 33320923 at *2 (W.D.N.C.1999) (same conclusion). In this case, both decedents, Plaintiffs' and Defendant's, were residents of West Virginia. Accordingly, there is no diversity between the parties and this action must be remanded to state court.

### III. CONCLUSION

Plaintiffs' motion to remand is **GRANT-ED** and this action is remanded to the Circuit Court of Greenbrier County, West Virginia.

The Clerk is directed to send a copy of this Order to counsel of record and a certified copy to the Circuit Clerk of Greenbrier County and publish it on the Court's website at http://www.uscourts_gov.